**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WILLIAM DOUGLAS JOHNSON III,

    Plaintiff - Appellant,

v.

REGIONAL SUPPLEMENTAL
SERVICES INC., a/k/a RSS, Inc.,
a Wyoming corporation,

    Defendant - Appellee,

and

MANAGEMENT SPECIALTY
SERVICES 109 INC.,

    Defendant.

No. 25-8071
(D.C. No. 2:25-CV-00035-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Proceeding pro se, William Douglas Johnson III appeals the district court's dismissal of his second amended complaint for failure to state a claim.

Mr. Johnson sued Regional Supplemental Services, Inc. ("RSS") for negligence, alleging breach of a duty of care to report true and accurate information to the Federal Motor Carrier Safety Administration ("FMCSA"). His claim arose from RSS's alleged inaccurate report of a refusal-to-test violation by Mr. Johnson to the FMCSA regarding his pre-employment drug screening.

In its motion to dismiss, RSS attempted to introduce a reason to find that Mr. Johnson refused to test that is different from the reason RSS submitted to the FMCSA as alleged in the complaint. The district court adopted RSS's new reason, failing to accept Mr. Johnson's allegations as true. This was error. And because the complaint plausibly alleged a negligence claim against RSS, the court should not have dismissed it.

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

## I. BACKGROUND

### A. *Regulatory Framework*

The FMCSA, a U.S. Department of Transportation agency, regulates the trucking industry. It administers drug and alcohol testing regulations for commercial truck drivers. The regulations provide that "[p]rior to the first time a driver performs

2

safety-sensitive functions for an employer, the driver shall undergo testing for controlled substances as a condition prior to being used." 49 C.F.R. § 382.301(a). The FMCSA Clearinghouse, a secure online database, gives employers real-time information about commercial drivers' drug and alcohol program violations, including test refusals. The regulations describe 11 circumstances that constitute a refusal to take a drug test. *See id.* § 40.191(a)(1)-(11). Of those, two are relevant here: (1) the driver declines to take an additional test, *id.* § 40.191(a)(6), and (2) the driver engaged in confrontational behavior at the test, *id.* § 40.191(a)(8).

The employer has a non-delegable duty to determine whether there has been a test refusal, *see id.* § 40.355(i), and within three business days "must report the following information about a driver to the Clearinghouse": "A refusal to test determination made in accordance with 49 CFR 40.191(a)(1) through (4), (a)(6), (a)(8) through (11), or (d)(1) . . . ." 49 C.F.R. § 382.705(b)(1)(iv).

## B. *Factual Allegations*

The second amended complaint alleged as follows.[1]

Mr. Johnson provided a urine sample at an Alabama collection site for his pre-employment drug screening. The service agent told him the sample was invalid. Mr. Johnson asked why, but also said he would retest.

---

[1] We recite the facts as alleged in the operative complaint (the second amended complaint) and the documents attached to the complaint. *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1154 (10th Cir. 2026). We liberally construe Mr. Johnson's pro se complaint and other filings. *Licon v. Ledezma*, 638 F.3d 1303, 1305-06 (10th Cir. 2011).

The service agent informed Mr. Johnson he would "need[] to sign the first test as invalid before retesting." Mr. Johnson "disagreed." R. at 14. "The service agent repeatedly asked [Mr. Johnson] to sign [the first test], and [he] continued to say no and the service agent considered [his] behavior irate." *Id.* Mr. Johnson "was not irate," but he "was frustrated after being repeatedly pushed into signing the first test as invalid." *Id.* "[He] was correct to assert 'no' because forcing [him] to sign is non[-]compliant to the FMCSA[,] . . . as [he] should not be required to sign during the testing process." *Id.*

"Next, the service agent determined [Mr. Johnson's] test was a refusal for not signing." *Id.* "When the test was deemed a refusal for not signing, the service agent effectively ended the testing process . . . , and [Mr. Johnson] was asked to leave." *Id.*

The Federal Drug Testing Custody and Control Form ("CCF") that documented Mr. Johnson's test showed the specimen sample temperature was normal, R. at 18, 20, so an additional test would not have been needed, *id.* at 14. And as noted above, Mr. Johnson offered to retest.

RSS reported a refusal-to-test violation to the FMCSA Clearinghouse as a "'failed or decline to take an additional test' under 49 CFR 40.191(a)(6)." *Id.* at 18; *see id.* at 14, 19. RSS's "written statement indicates that the basis for the violation report was [Mr. Johnson's] refusal to sign the CCF and the first specimen being out of temperature range." *Id.* at 18. RSS did not mention "confrontational behavior and being removed from the lab" as the basis to report a refusal to test. *Id.* at 14.

4

Mr. Johnson requested FMCSA to remove the refusal-to-test violation from the Clearinghouse, but he was prohibited from operating a commercial motor vehicle pending the administrative review of this request.  During that time, Mr. Johnson was evicted and had to relocate to a shelter.  The FMCSA eventually granted Mr. Johnson's request to remove the refusal-to-test violation from the Clearinghouse.[2]

## C. *Procedural History*

Invoking diversity jurisdiction, Mr. Johnson brought a negligence claim alleging that

- RSS owed a duty of care to report truthful and accurate information regarding his pre-employment drug screening to the FMCSA Clearinghouse.

- RSS "failed to meet the required standard of care" when it "inaccurately reported to the FMCSA Clearinghouse that [Mr. Johnson's] first urine sample was invalid, due to the temperature being 'out of range.'"  R. at 11.

- RSS's breach caused him harm because RSS "wrongfully reported [his] first sample as invalid and filed the violation against [him] in the clearinghouse as

---

[2] It did so because the primary basis for RSS's violation report—that "the specimen was out of temperature range and was therefore 'invalid'"—was "unsupported by the record."  R. at 18.

refusal to take an additional test[,] which would not have been required by FMCSA since the first test was valid." *Id.*

• He suffered damages as a result of RSS's breach because he was prohibited from operating a motor vehicle for 47 weeks, which led to significant financial hardship.

RSS moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motion.  Mr. Johnson now appeals.

## II. DISCUSSION

### A. *Standard of Review*

We review the district court's Rule 12(b)(6) dismissal order de novo, applying the same standards as the district court should apply.  *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1157 (10th Cir. 2026).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  We thus must accept the facts alleged in the complaint as true and view them, and all reasonable inferences, in Mr. Johnson's favor.  *Vasquez-Garcia*, 172 F.4th at 1157.

### B. *Negligence*

In diversity cases, federal courts apply state substantive law.  *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).  To establish a negligence claim in Wyoming, the plaintiff must show:  "(1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant

breached the duty of care; (3) the breach proximately caused injury to the plaintiff;
and (4) the injury is compensable by money damages." *Moses Inc. v. Moses*,
509 P.3d 345, 350 (Wyo. 2022) (internal quotation marks omitted).

### C. *District Court's Reasoning*

The district court noted that RSS did not dispute it had a duty of care to report
accurate information to the FMCSA Clearinghouse. But the court concluded there
was no breach because "RSS ultimately determined Johnson's behavior was
confrontational and thus had a duty to report this information to the FMCSA as a
refusal to test pursuant to 49 C.F.R. § 40.191(a)(8)." R. at 51.[3] The court concluded
that, "even taking as true all the allegations in the second amended complaint,
Johnson still fails to allege RSS breached its duty by reporting his confrontational
behavior to the FMCSA as a refusal-to-test." *Id.* at 52.

### D. *Analysis*

On appeal, Mr. Johnson argues the district court erred because it relied on a
different basis for his refusal to test than RSS reported to the FMCSA. Aplt. Br. at 9.
He asserts, "The District court claims RSS reported confrontational as the refusal [to]
test," but "RSS never reported that . . . as [the] determination for the refusal." *Id.* at
3. He further asserts, "The only primary basis they reported was that [he] 'failed or
declined to take the test,' and the court must rely on that." *Id.* He argues the district

---

[3] This regulation states that it is a refusal to test if an employee fails to
cooperate with the testing process by, for example, "behav[ing] in a confrontational
way that disrupts the collection process." 49 C.F.R. § 40.191(a)(8).

court stated incorrect facts, citing the documents which "prove that RSS never identified confrontational behavior as the refusal reason. Instead, [RSS] reported only 'failed or declined to take the test.' That was RSS's final determination." *Id.* at 6. He contends "[RSS] made their determination, they reported it, and they must be held to what they reported—not to a story they are now altering to avoid liability." *Id.* at 7. Based on these facts alleged in the complaint, we agree with Mr. Johnson.

The district court erred in granting RSS's Rule 12(b)(6) motion. In the complaint, Mr. Johnson alleged that "RSS reported that [he] failed or declined an additional test." R. at 14. Two documents attached to the complaint support this allegation: (1) a screen shot of the FMCSA Clearinghouse website for Mr. Johnson's "Driver Information" that lists the "Type of Test Refusal" as "Failed or decline to take an additional test," *id.* at 19; and (2) the FMCSA administrative review letter, which states: "The refusal to test violation that your employer[, RSS,] reported to the Clearinghouse was 'failed or decline to take an additional test' under 49 CFR 40.191(a)(6)," *id.* at 18. Mr. Johnson further alleged that RSS inaccurately reported to the FMCSA that his first urine sample was invalid, which means he would not have been required to take an additional test because the first test was valid.

Instead of accepting Mr. Johnson's allegation that the reason RSS gave for his refusal to test was inaccurate, the district court relied on the factual contention in RSS's motion to dismiss that "RSS considered Johnson's confrontational behavior a refusal to test pursuant to 49 C.F.R. § 40.191(a)(8)," and "RSS reported this information" to the FMCSA. R. at 47 (citing "ECF No. 29," which is the

8

memorandum in support of motion to dismiss, *see* Suppl. R.). These statements are contrary to the factual allegations in the complaint. The court erred by assuming facts in RSS's favor and failing to accept as true the well-pled facts in Mr. Johnson's complaint. *See Vasquez-Garcia*, 172 F.4th at 1157.

RSS attempts to defend the district court's decision by arguing that confrontational behavior was an independent reason to report a refusal to test. It thus contends the court correctly held that Mr. Johnson's conduct was a refusal to test under 49 C.F.R. § 40.191(a)(8). But when reviewing a Rule 12(b)(6) dismissal, we consider only the complaint's allegations. RSS's argument does not explain why the allegations do not plausibly state a claim for relief.

The regulatory framework underscores the error. As noted, an employer has a non-delegable duty to make the refusal-to-test determination and report a violation within three business days. *See id.* § 40.355(i); *id.* § 382.705(b)(1)(iv). RSS made the determination and reported the violation to the FMCSA as "failed or decline to take an additional test under 49 CFR 40.191(a)(6)." R. at 18; *see id.* at 19. Mr. Johnson relies on that report to claim that RSS breached its duty of care by providing inaccurate information to the FMCSA Clearinghouse. Neither RSS nor the district court can substitute a different reason—confrontational behavior—to support a Rule 12(b)(6) dismissal.

Viewing the factual allegations in Mr. Johnson's favor, we conclude he has plausibly alleged that RSS breached its duty of care by reporting inaccurate information to the FMCSA. The CCF form shows his urine temperature was in the

normal range, and his refusal to sign the CCF does not constitute a refusal to test. The breach caused harm by preventing him from working.

### III.  CONCLUSION

The district court erred in granting RSS's Rule 12(b)(6) motion to dismiss.  We reverse and remand for further proceedings consistent with this decision.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge